*C. W. Ashford,* for respondents.

---

IN THE MATTER OF THE ESTATE OF J. F. O. BANNING, Deceased.

APPEAL FROM COOPER, JUDGE.

HEARING, JUNE 26, 1894.       DECISION, JULY 13, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Interest is not payable by an administrator personally by way of penalty as an incident to an order for the payment of the principal sum disallowed him in his final account, but rests in the discretion of the court in the exercise of its equitable powers under all the circumstances of the case.

It is too late to ask for such interest after decision and before decree.

Costs under the circumstances apportioned between the administrator and the estate in the ratio of one-fifth to four-fifths.

OPINION OF THE COURT, BY FREAR, J.

This case has been decided upon its merits and is now before us, not upon reargument or for the consideration of new matters, but merely for the purpose of settling certain questions of interest and costs, as incidental to the findings already made. The decree has not yet been signed and we are now practically called upon to merely settle its form, or, if a decree shall be signed following the express terms of the decision, to determine what shall be inserted in a supplementary decree to cover matters incidental to the main decree.

As to interest, the beneficiaries claim that this should be

paid by the administrator upon three amounts disallowed him in his final account, namely upon one sum of $1781.09 retained by him as commissions, and upon two sums lost or liable to be lost in investments, one of $2200 in bonds of the Union Iron Works Company, and the other of $2000 in bonds of the Seattle National Bank Building Company.    Interest on these sums payable by the administrator personally can be allowed, if at all, only by way of penalty for negligence of breach of trust.    It is unlike the case of interest payable out of an estate upon legacies.    It is not payable by an administrator by way of penalty as an incident to an order for the payment of the principal, but rests in the discretion of the court in the exercise of its equitable powers under all the circumstances of the case.    Consequently, to allow interest here, would require us not only to add materially to the decision already made, but to again consider the case in part at least upon its merits.    Nor is there anything in the language of the court to show that interest was intended to be allowed on these sums.    The court said upon the item of commissions, that " the claim of the administrator to commissions upon the share paid or delivered to B. R. Banning, cannot be allowed," and, upon the items of investment, that " the sum of $2200 loss incurred in the first mentioned investment, and the sum of $2000 in the second, must be borne by the administrator, because he delegated his function as trustee to another."    The liability for interest not being incidental to the findings made, or implied in the language of the court, we cannot now consider the question upon its merits.    It was not raised in the court below or in this Court at the hearing, and cannot be now thus raised for the first time.

As to costs, this is a proper case for their apportionment. See 2 Perry on Trusts, Sec. 902.    And considering all the circumstances, and more particularly the relative amounts of the claims made by the beneficiaries which were sustained and which failed, and the relative amounts of costs incurred by reason of such claims respectively, we are of the opinion

that the costs should be borne one-fifth by the administrator, and four-fifths by the estate or beneficiaries.

*A. S. Hartwell* and *W. A. Kinney*, for beneficiaries.

*F. M. Hatch*, for the administrator.